Francisco Olivencia Velázquez, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 1149. Submitted October 2, 1944.—Decided November 9, 1944.

*E. López Acosta* for appellant. The respondent registrar appeared by brief.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Francisco Olivencia Velázquez presented in the Registry of Property of San Germán an authenticated application

seeking, among others, the cancellation of a curable defect appearing in the registration· of a farm which the petitioner had acquired from Don Ulises Gregory Lloréns. The defect consisted in the failure ·to set forth that Josefa Sanmiguel ' Lugo was the wife of Mr. Gregory Lloréns when the latter acquired the property in 1904. To the. application seeking the cancellation the petitioner attached a certificate issued by the Registrar of Vital Statistics of San Germán, establishing the marriage between Ulises Gregory Lloréns and Josefa Sanmiguel Lugo on December 18, 1903.

The registrar recorded said application as to ·other points but denied the correction of the defect by virtue of a note which reads as follows:

"The correction ,of the curable defect contained and set forth in No. 3 is hereby denied on the ground that since said defect refers to the civil status of Mr. ·Gregory Lloréns, *the courts are the ones called upon to consider and order the correction of said defect,* pursuant to the provisions of Section 388–D of Act No. 106 of May 12, 1937, and that the attached authenticated application and the marriage certificate of Ulises Gregory Lloréns and Josefa Sanmiguel Lugo also attached thereto, is not sufficient, for which reason I enter a cautionary notice for the statutory term in favor of petitioner's right. . ."

In order to review this note, the petitioner has ·taken the present appeal.

■■ Section 388-D of the ·Mortgage Law (added by Act No. 20 of July 9, 1936, Special Session Laws of 1936, p. 152, and amended later by Act No. 106 of May 12, 1937, Special Session Laws, p. 245), cited by the registrar in support of his note, provides as ·follows:

"Section 388–D.—Any natural or artificial person having recorded in his or its name real property or property rights with curable defects stated on the record, as to which no judicial proceeding has been instituted or is pending final judgment, *and which for any reason cannot be corrected, or are ·difficult of correction,* after ten years have elapsed, counting from the date on which the defect was stated, if it refers to the legal capacity or civil status of the

parties to the act or contract the object of record, or at any time after statement of the defect, if it refers to any of other circumstance, *may* file with the district court of the district where the property or part thereof is located, a written petition requesting the cancellation of said defects, describing therein the real property or property rights recorded, and the nature of the defect or defects stated.

"Notwithstanding the provisions of the foregoing paragraph, registrars shall cancel, as of course or upon request of the parties, free of charge, any curable defect *not referring to the legal capacity or civil status of the parties* to the act or contract the object of record, provided ten years have elapsed since the date on which the defect was stated, if, by reason thereof, no judicial proceeding is pending final judgment and no judicial action is instituted within three months counting from the date of the approval of this Act.

"When, in the judgment of registrars, any curable defect has been corrected by other entries made in the books of the registry, they shall proceed to correct it as of course or upon request of the parties, free of charge." (Italics ours.)

For a proper determination of the Legislative intent in amending, in 1937, § 388-D added to the Mortgage Law, for the first time in 1936, we must examine said Section as it was originally enacted. It read as follows:

"Article 388-D.—Any natural or artificial person who has real property or property rights therein recorded in his favor, in which records have been set forth curable defects, by reason of which no judicial proceedings have been instituted or are pending final decision, *and which could not be corrected for any reason or are difficult to correct, may*, whenever said defects do not refer to the legal capacity or civil status of the parties to the act or contract the object of the record, appear before the competent district court through a written petition, describing in said petition the real property or property rights recorded and the nature of the defect or defects set forth, to request the cancellation of said defects."

Prior to 1936, this court had laid down the doctrine in the sense that "When the name of the wife of the vendor at the time he acquired the property sold does not appear clearly in the registry, this is a curable defect which the

interested party may correct by presenting in the registry a certified copy of the marriage certificates." Syllabus of *Ortiz* v. *Registrar*, 23 P.R.R. 652. In *Delgado* v. *Registrar*, 23 P.R.R. 654 and *Ochoa* v. *Registrar*, 26 P.R.R. 713, this court in confirming the doctrine stated that "the defect is susceptible of being cured by easy proof."

Section 388-D *supra*, as it was originally added in 1936, as well as in its amendment of 1937, when referring to the manner of obtaining the cancellation of curable defects, by means of judicial intervention, authoritatively, since it uses the word "may" in the cases which it specifies, makes a generic exception and limits them to those "which *could not be* corrected for any reason or are *difficult* to correct." That is, when the defects are easy to correct the interested party may, pursuant to this Section as well as to the doctrine established in the cited cases, obtain the cancellation of the curable defect due to the failure of having established the marriage of the acquirer by means of the evidence easily available, that is, the marriage certificate.

It is in those cases where for some reason the defects can not be corrected or are difficult to correct that judicial intervention becomes indispensable. For example, if the records of the Registry of Vital Statistics wherein the marriage was recorded had been destroyed or lost, it is obvious that it would have been necessary to obtain the secondary evidence of that fact by means of a judicial order.

Since the marriage certificate issued by said registry existed in this case, what other evidence except this very certificate could have been presented to the court in order to establish the marriage? And there would have been nothing left for the court to do, but to order the cancellation by virtue of the certificate itself, which is now in the hands of the registrar.

The decision appealed from must be reversed.